# EXHIBIT A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2582CV01037 | Massachusetts Trial Court Superior Court |
|---|---|---|

| | | **COUNTY** Norfolk Superior Court (Dedham) |
|---|---|---|

| Plaintiff | Antonio DaCosta | Defendant: | Home Depot U.S.A., Inc. |
|---|---|---|---|
| ADDRESS: | | ADDRESS: | |

| Plaintiff Attorney: | Amato A. DeLuca | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | DeLuca, Weizenbaum, Barry & Revens, Ltd. | ADDRESS: | |
| 199 North Main Street | | | |
| Providence, RI 02903 | | | |
| BBO: | 638548 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Personal Injury | F | ☐ YES  ☐ NO |

*If "Other" please describe: _____

Is there a claim under G.L. c. 93A?    ☐ YES  ☒ NO      Is there a class action under Mass. R. Civ. P. 23?    ☐ YES  ☒ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses _____

    2. Total doctor expenses _____

    3. Total chiropractic expenses _____

    4. Total physical therapy expenses _____

    5. Total other expenses (describe below) _____

        Subtotal (1-5): _____ $0.00

B. Documented lost wages and compensation to date _____

C. Documented property damages to date _____

D. Reasonably anticipated future medical and hospital expenses _____

E. Reasonably anticipated lost wages _____

F. Other documented items of damages (describe below) _____

        TOTAL (A-F): _____ $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Self-Represented Plaintiff: X /s/ Amato A. DeLuca | Date: | September 12, 2025 |
|---|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X /s/ Amato A. DeLuca | Date: | September 12, 2025 |
|---|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

Date Filed 9/12/2025 4:01 PM
Superior Court - Norfolk
Docket Number

Docketed 09/16/2025

1

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT
CIVIL ACTION

ANTONIO DA COSTA                 :
    Plaintiff                    :
                                 :
    v.                           :    C.A. NO. 2582CV01037
                                 :
HOME DEPOT U.S.A., INC.; and     :
JOHN/JANE DOE, Alias;            :
    Defendants.                  :

## COMPLAINT

## PARTIES

1.      Plaintiff Antonio Da Costa is a resident and citizen of the Town of Milford, Commonwealth of Massachusetts.

2.      Defendant Home Depot U.S.A., Inc. is a business corporation existing under the laws of the State of Delaware, with a principal place of business in the State of Georgia, and at all relevant times was licensed and authorized to do business in the Commonwealth of Massachusetts.

3.      Defendant John/Jane Doe Corporation, Alias, is an unknown business corporation. Plaintiff will seek leave to amend their Complaint to state defendant John/Jane Doe Corporation, Alias' true name, state or commonwealth of incorporation, and state or commonwealth of principal place of business when ascertained.

## FACTS

4.      On September 26, 2022, defendant Home Depot U.S.A., Inc. owned and/or operated a retail home improvement store known as Home Depot located at 229 Hartford Avenue, Bellingham, Commonwealth of Massachusetts.

5. At all times mentioned herein, defendant Home Depot U.S.A., Inc. managed, maintained, and controlled the operation of the store in Bellingham, Commonwealth of Massachusetts.

6. On September 26, 2022, plaintiff Antonio Da Costa was an invitee, lawfully present at the Home Depot located at 229 Hartford Avenue, Bellingham, Commonwealth of Massachusetts.

7. On September 26, 2022, plaintiff Antonio Da Costa was shopping for a weed trimmer when he was struck in the head by a Milwaukee Electronic Tool Company weed trimmer and/or component(s) of a Milwaukee Electronic Tool Company weed trimmer that was/were not properly displayed and/or secured, resulting in severe and permanent injuries to plaintiff.

8. Defendant Home Depot U.S.A., Inc., as owners and/or operators of the aforementioned store, have a responsibility to ensure that the condition of said store is safe and secure, and were aware or should have been aware of the hazard which resulted in the plaintiff's injuries.

9. Defendant Home Depot U.S.A., Inc. failed to design, construct, and maintain the said store, including the storage and display of weed trimmers, in a manner that made the store safe and secure for foreseeable uses and invitees of said store.

10. Defendant Home Depot U.S.A., Inc. negligently designed and constructed the storage and display of its products, including, but not limited to, the weed trimmers, failed to maintain and repair the store, and failed to warn parties entering the area, including plaintiff Antonio Da Costa, of the dangerous conditions therein. By these acts and omissions, defendant failed to keep the store in Bellingham, Commonwealth of Massachusetts in a reasonably safe condition.

11. At all times material hereto, plaintiff Antonio Da Costa exercised due care for his own safety and the safety of others.

2

Date Filed 9/12/2025 4:01 PM
Superior Court - Norfolk
Docket Number

## JURISDICTION

12. This Court has jurisdiction over this action in that the amount in controversy exceeds $50,000, exclusive of interests and costs.

13. This Court has personal jurisdiction over the defendant because the defendant solicits, transacts and/or does business in this County, and because a substantial part of the relevant evets occurred in this County.

## COUNT I
## NEGLIGENCE
## HOME DEPOT U.S.A., INC.

14. Paragraphs 1 through 13 of the Complaint are hereby incorporated by reference as if fully set forth herein.

15. At all relevant times, defendant, Inc. through its agents, servants, and employees, undertook responsibility for safety at the store located at 229 Hartford Avenue, Bellingham, Commonwealth of Massachusetts.

16. At all relevant times, defendant, through its agents, servants, and employees, owed a duty to its invitees, including plaintiff, to design, construct, and maintain the store, including, but not limited to, the display and storage of weed trimmers for sale, in a reasonably safe manner.

17. At all relevant times, defendant, through its agents, servants, and employees, owed a duty to its invitee, including plaintiff, to reasonably inspect the store to ensure that it was in a reasonably safe condition and did not pose an unreasonable risk of harm.

18. At all relevant times, defendant, through its agents, servants, and employees, owed a duty to its invitees, including plaintiff, to warn of unsafe or dangerous conditions at the store of which it was or through due diligence should have been aware.

19. Defendant, through its agents, servants, and employees, breached its duty when it failed to exercise due care by not: designing, constructing, and maintaining the store in a reasonably

3

safe manner; reasonably inspecting the store to ensure that it was in a reasonably safe condition and did not pose an unreasonable risk of harm to invitees; and warning invitees of the unsafe and/or dangerous conditions at the store of which it was or through due diligence should have been aware.

20.    As a direct and proximate result of the negligence of defendant, as aforesaid, plaintiff has suffered severe and permanent injuries to his mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform his usual activities and enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

21.    By reason of the foregoing, plaintiff has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, surgeries, medicines, hospitalizations, therapy and the like, and plaintiff has and will incur a loss of income as a result of his injuries.

WHEREFORE, plaintiff Antonio Da Costa demands judgment against defendant Home Depot U.S.A., Inc. in an amount that, exclusive of interests and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT II
## VICARIOUS LIABILITY
## HOME DEPOT U.S.A., INC.

22.    Plaintiff hereby incorporates by reference Paragraphs 1 through 13 and Count I of the Complaint as if set forth fully at length herein.

23.    Defendant John/Jane Doe was an employee, agent, and/or servant of defendant and was acting within the scope of his/her employment at all times relevant hereto.

24.    Defendant was at all relevant times vicariously responsible for the acts and omissions of their employees, agents, and/or servants, including, but not limited to, the acts and omissions of defendant John/Jane Doe, as set forth above.

4

25.    At all times material hereto, defendant, through its employees, agents, and servants, had a duty that required it to conduct, operate, manage and control its business activities and the activities of its employees, agents, and servants with due care and caution, and in accordance with all applicable laws and regulations, to safeguard the life, health, safety and wellbeing of invitees, including plaintiff.

26.    Defendant, Inc., through its employees, agents, and/or servants, failed to adhere to the duty of reasonable care imposed upon them by law when they failed to: design, construct, and maintain the store in a reasonably safe manner; reasonably inspect the store to ensure that it was in a reasonably safe condition and did not pose an unreasonable risk of harm to invitees; and warn invitees of unsafe or dangerous conditions in the store of which it was or through due diligence should have been aware.

27.    As a direct and proximate result of the negligence of defendant's employees, agents, and/or servants, as aforesaid, plaintiff has suffered severe and permanent injuries to his mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform his usual activities and enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

28.    By reason of the foregoing, plaintiff has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, surgeries, medicines, hospitalizations, therapy and the like, and plaintiff has and will incur a loss of income as a result of his injuries.

WHEREFORE, plaintiff Antonio Da Costa demands judgement against defendant Home Depot U.S.A., Inc. in an amount that, exclusive of interests and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

5

## COUNT III
## NEGLIGENCE
## JOHN DOE CORPORATION, ALIAS

29.     Paragraphs 1 through 13 and Counts I and II of the Complaint are hereby incorporated by reference as if fully set forth herein.

30.     At all relevant times, defendant John Doe Corporation, Alias, through its agents, servants, and employees, undertook responsibility for safety at the Home Depot store located at 229 Hartford Avenue, Bellingham, Commonwealth of Massachusetts.

31.     At all relevant times, defendant John Doe Corporation, Alias, through its agents, servants, and employees, owed a duty to its invitees, including plaintiff, to design, construct, and maintain the store, including, but not limited to, the display and storage of weed trimmers for sale, in a reasonably safe manner.

32.     At all relevant times, defendant John Doe Corporation, Alias, through its agents, servants, and employees, owed a duty to its invitees, including plaintiff, to reasonably inspect the store to ensure that it was in a reasonably safe condition and did not pose an unreasonable risk of harm.

33.     At all relevant times, defendant John Doe Corporation, Alias, through its agents, servants, and employees, owed a duty to its invitees, including plaintiff, to warn of unsafe or dangerous conditions at the store of which it was or through due diligence should have been aware.

34.     Defendant John Doe Corporation, Alias, through its agents, servants, and employees, breached its duty when it failed to exercise due care by not: designing, constructing, and maintaining the store in a reasonably safe manner; reasonably inspecting the store to ensure that it was in a reasonably safe condition and did not pose an unreasonable risk of harm to invitees; and warning invitees of the unsafe and/or dangerous conditions at the store of which it was or through due diligence should have been aware.

6

35. As a direct and proximate result of the negligence of defendant John Doe Corporation, Alias, as aforesaid, plaintiff has suffered severe and permanent injuries to his mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform his usual activities and enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

36. By reason of the foregoing, plaintiff has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, surgeries, medicines, hospitalizations, therapy and the like, and plaintiff has and will incur a loss of income as a result of his injuries.

WHEREFORE, plaintiff Antonio Da Costa demands judgment against defendant John Doe Corporation, Alias in an amount that, exclusive of interests and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT IV
## VICARIOUS LIABILITY
## JOHN DOE CORPORATION, ALIAS

1. Plaintiff hereby incorporates by reference Paragraphs 1 through 13 and Counts I through III of the Complaint as if set forth fully at length herein.

2. Defendant John/Jane Doe was an employee, agent, and/or servant of defendant John Doe Corporation, Alias, and was acting within the scope of his/her employment at all times relevant hereto.

3. Defendant John Doe Corporation, Alias was at all relevant times vicariously responsible for the acts and omissions of their employees, agents, and/or servants, including, but not limited to, the acts and omissions of defendant John/Jane Doe, as set forth above.

4. At all times material hereto, defendant John Doe Corporation, Alias, through its employees, agents, and servants, had a duty that required it to conduct, operate, manage and control its business activities and the activities of its employees, agents, and servants with due care and caution,

7

and in accordance with all applicable laws and regulations, to safeguard the life, health, safety and wellbeing of invitees, including plaintiff.

5.    Defendant John Doe Corporation, Alias's employees, agents, and/or servants failed to adhere to the duty of reasonable care imposed upon them by law when they failed to: design, construct, and maintain the premises in a reasonably safe manner; reasonably inspect the premises to ensure that it was in a reasonably safe condition and did not pose an unreasonable risk of harm to invitees; and warn invitees of unsafe or dangerous conditions within the premises of which it was or through due diligence should have been aware.

6.    As a direct and proximate result of the negligence of defendant John Doe Corporation, Alias's employees, agents, and/or servants, as aforesaid, plaintiff has suffered severe and permanent injuries to his mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform his usual activities and enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

7.    By reason of the foregoing, plaintiff has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, surgeries, medicines, hospitalizations, therapy and the like, and plaintiff has and will incur a loss of income as a result of his injuries.

WHEREFORE, plaintiff Antonio Da Costa demands judgement against defendant John Doe Corporation, Alias in an amount that, exclusive of interests and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

8

Plaintiff,
By his Attorneys,


/s/ Amato A. DeLuca
Amato A. DeLuca (BBO# 638548)
Katelyn M. Revens (BBO # 688007)
DeLUCA and Associates, Ltd.
199 North Main St.
Providence, RI 02903
(401) 453-1500
(401) 453-1501 (fax)
bud@delucaandassociates.com
kate@delucaandassociates.com

Dated: September 12, 2025

**PLAINTIFF DEMANDS A TRIAL BY JURY AND DESIGNATES
AMATO A. DELUCA, ESQ. AS TRIAL COUNSEL**

(TO PLAINTIFF'S ATTORNEY:    PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                    SUPERIOR COURT
                                                               CIVIL ACTION

                                                               NO. 2582CV01037

Antonio DaCosta                    —, *Plaintiff(s)*

                        v.

Home Depot U.S.A., Inc.
_____; *Defendant(s)*

### SUMMONS

To the above-named Defendant:  **Home Depot U.S.A., Inc.**

You are hereby summoned and required to serve upon . **Amato A. DeLuca** _____,
plaintiff's attorney, whose address is **199 North Main St. Providence, RI 02903**_____,
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS,    Michael D. Ricciuti, Esquire    , at _____ the _____

day of _____, in the year of our Lord two thousand and _____

                                                               *Clerk.*

                                                               Deputy Sheriff Suffolk County

NOTES:
1.  This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all such defendants should appear in the caption.
    If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................., 20      , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

....................................................................................................................................................

....................................................................................................................................................

....................................................................................................................................................

Dated:                          , 20        .........................................................................................

N. B.   TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON
DEFENDANT.

| , 20        . |
|---|

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION

NORFOLK, ss.

NO.

........................., *Plaintiff*

v.

........................., *Defendant*

SUMMONS
(Mass. R. Civ. P.4)

## 2582CV01037 DaCosta, Antonio vs. Home Depot U.S.A., Inc. et al

- Case Type:
- Torts
- Case Status:
- Open
- File Date
- 09/12/2025
- DCM Track:
- F - Fast Track
- Initiating Action:
- Other Negligence - Personal Injury / Property Damage
- Status Date:
- 09/12/2025
- Case Judge:

- Next Event:

**All Information**  **Party**  **Tickler**  **Docket**  **Disposition**



### Party Information

**DaCosta, Antonio**
- Plaintiff

| Alias | Party Attorney |
|---|---|
| | • Attorney<br>• DeLuca, Esq., Amato A<br>• Bar Code<br>• 638548<br>• Address<br>• DeLuca, Weizenbaum, Barry and Revens,Ltd.<br>199 North Main St<br>Providence, RI  02903<br>• Phone Number<br>• (401)453-1500 |

**More Party Information**

**Home Depot U.S.A., Inc.**
- Defendant

| Alias | Party Attorney |
|---|---|
| | • Attorney<br>• Lapish, Esq., Caroline<br>• Bar Code<br>• 669460<br>• Address<br>• Kiernan Trebach LLP<br>40 Court St<br>Boston, MA  02108<br>• Phone Number<br>• (617)426-3900 |

**More Party Information**

**John/Jane Doe Corporation**
- Defendant

| Alias | Party Attorney |
|---|---|
| | |

**More Party Information**

### Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 09/16/2025 | 12/15/2025 | 90 | |
| Answer | 09/16/2025 | 01/14/2026 | 120 | |
| Rule 15 Heard By | 09/12/2025 | 03/11/2026 | 180 | |

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Discovery | 09/16/2025 | 07/13/2026 | 300 | |
| Rule 56 Served By | 09/16/2025 | 08/12/2026 | 330 | |
| Rule 12/19/20 Served By | 09/16/2025 | 01/14/2026 | 120 | |
| Rule 12/19/20 Filed By | 09/16/2025 | 02/13/2026 | 150 | |
| Rule 15 Filed By | 09/16/2025 | 02/13/2026 | 150 | |
| Rule 12/19/20 Heard By | 09/16/2025 | 03/16/2026 | 181 | |
| Rule 15 Served By | 09/16/2025 | 01/14/2026 | 120 | |
| Rule 56 Filed By | 09/16/2025 | 09/11/2026 | 360 | |
| Final Pre-Trial Conference | 09/16/2025 | 01/11/2027 | 482 | |
| Status Review | 09/28/2025 | 11/28/2025 | 61 | |
| Judgment | 09/16/2025 | 09/16/2027 | 730 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 09/16/2025 | Complaint electronically filed. (eFiled 09/12/2025) | 1 | Image |
| 09/16/2025 | Civil action cover sheet filed. (eFiled 09/16/2025) | 2 | Image |
| 09/16/2025 | Case assigned to: DCM Track F - Fast Track was added on 09/16/2025 | | |
| 09/16/2025 | Demand for jury trial entered. | | |
| 09/16/2025 | Attorney appearance On this date Amato A DeLuca, Esq. added for Plaintiff Antonio DaCosta | | |
| 09/28/2025 | Case selected for review pursuant to S.J.C. "Order Regarding Amount in Controversy" Judge: Hickey, Mary K | | |
| 10/22/2025 | Plaintiff Antonio DaCosta's Request for Six (6) Summonses (E-Filed 10/20/2025) | | Image |
| 10/22/2025 | Docket Note: On this date six (6) Summonses mailed to Attorney Amato A DeLuca, Esq. | | |
| 12/11/2025 | Attorney appearance On this date Caroline Lapish, Esq. added for Defendant Home Depot U.S.A., Inc. | | |
| 12/11/2025 | Party(s) file Stipulation to Extend Time to Plead (E-Filed 12/05/2025)mk Applies To: DaCosta, Antonio (Plaintiff); Home Depot U.S.A., Inc. (Defendant) | 3 | Image |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |

Due to the system maintenance, MassCourts.org (including the Attorney Portal) will be unavailable on Saturday, December 13, from 8:00 AM to 3:00 PM. All case search, calendar functionality, and ePay, will be unavailable during this time. ✖